**Samuel MASON, Plaintiff–Appellant,**

v.

**MTA NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

No. 05–4349–cv.

United States Court of Appeals, Second Circuit.

Feb. 21, 2007.

Douglas Rosenthal, The Rosenthal Law Firm, PC, New York, NY, for Plaintiff–Appellant.

Ann Burton Goetcheus, for Martin B. Schnabel, General Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Samuel Mason appeals from an order of the United States District Court for the Southern District of New York (Chin, *J.*) dismissing, on summary judgment, Mason's employment discrimination complaint

against the MTA New York City Transit Authority ("MTA"). We assume familiarity with the facts and specification of issues on appeal.

We review *de novo* a district court's decision to grant a summary judgment motion. *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir.2006). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). The party opposing summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)); *see also Repp v. Webber,* 132 F.3d 882, 889–90 (2d Cir.1997).

Assuming, without holding, that Mason established a prima facie case of discrimination on the basis of age or race, we agree with the district court that Mason failed to present credible evidence that the MTA's proffered justifications for not promoting him—mediocre work performance and a relative lack of qualifications—were a pretext for discrimination. Mason offered only conclusory allegations in support of his claim. As a result, he failed to carry his burden to "produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment action]." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir.2000) (internal quotation marks omitted).

We have considered Mason's remaining arguments and find that they lack merit. Accordingly, we affirm the judgment of the district court.